DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MRS BTC FL MINING LLC** and **DANIEL SALAMA,**
Appellants,

v.

**DIGITAL ALCHEMY, LLC, BTC MANAGER FL, LLC, RON COHEN,** and **DANIEL WOLGIN,**
Appellees.

No. 4D2025-3378

[July 22, 2026]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Carolyn Ruth Bell, Judge; L.T. Case No. 502025CA009209XXXAMB.

Mark S. Auerbacher, Jesse Stolow, and Chance Lyman of Buchanan Ingersoll & Rooney PC, Miami, for appellants.

Juan C. Martinez of Saul Ewing LLP, Miami, for appellees.

PER CURIAM.

Appellants MRS BTC FL Mining, LLC and Daniel Salama appeal from a temporary injunction barring them from proceeding with a pending American Arbitration Association ("AAA") arbitration against Appellees Digital Alchemy, LLC, BTC Manager FL, LLC, Ron Cohen, and Daniel Wolgin. The question before us is whether the trial court or the arbitrator should decide if the parties' dispute is subject to arbitration under section 22.3 of the pertinent operating agreement. We conclude that decision is for the arbitrator in this case. Thus, we reverse and remand for the reasons set forth below.

The underlying action stems from a business dispute involving Digital Alchemy, LLC, a business in which Appellants were members or investors. Appellants filed an AAA arbitration demand against Appellees Digital Alchemy, BTC Manager FL (Digital Alchemy's manager), and two individuals associated with BTC Manager, Ron Cohen and Daniel Wolgin. Section 22.3 of Digital Alchemy's operating agreement contains an arbitration provision, which states:

Any dispute, controversy or claim arising out of or in connection with, or relating to, this Agreement or any breach or alleged breach hereof, except allegations of violations of federal or state securities laws, shall, with the consent of the Manager (which must be given, if at all, in writing and within ten days of the date such matter matures), be submitted to and settled by arbitration in the State of Florida, pursuant to the rules then in effect of the American Arbitration Association.

Before filing an arbitration demand, Appellants sought the Manager's written consent to arbitrate. Appellees responded that the dispute is not arbitrable because the Manager "has not and will not consent."

Appellees then filed the underlying action seeking declaratory and injunctive relief and moved for a temporary injunction, arguing that Appellants could not compel arbitration without the Manager's consent. Appellees also argued that Cohen and Wolgin were not parties to the operating agreement and had not consented to arbitration.

Appellants opposed the injunction, arguing Appellees did not dispute the existence of the operating agreement, section 22.3, or section 22.3's incorporation of the AAA rules, and that the AAA rules delegated the disposition of arbitrability issues to the arbitrator.

The trial court granted the temporary injunction. The trial court found section 22.3 clear and unambiguous in requiring the Manager's written consent before the dispute could be submitted to arbitration. Because the Manager had not consented, the trial court found that section 22.3 did not provide an enforceable basis to compel arbitration.

We review de novo the purely legal issue of who decides arbitrability. *United Healthcare of Fla., Inc. v. N. Broward Hosp. Dist.*, 403 So. 3d 876, 878 (Fla. 4th DCA 2025) (citing *Hernandez v. Crespo*, 211 So. 3d 19, 24 (Fla. 2016)); *City of W. Palm Beach v. Harrell*, 419 So. 3d 82, 83 (Fla. 4th DCA 2025). A temporary injunction is generally reviewed for abuse of discretion, but legal conclusions are reviewed de novo. *Donoho v. Allen-Rosner*, 254 So. 3d 472, 474 (Fla. 4th DCA 2018).

AAA Rule 7(a) gives the arbitrator the authority to decide objections concerning the existence, scope, or validity of the arbitration agreement and the arbitrability of claims. Under *Airbnb, Inc. v. Doe*, 336 So. 3d 698, 704–05 (Fla. 2022), and *United Healthcare*, 403 So. 3d at 878–79,

2

incorporation of the AAA rules is clear and unmistakable evidence that the parties agreed to have the arbitrator decide arbitrability issues.

Because the consent requirement appears within an arbitration provision that expressly incorporates the AAA rules, the manager-consent issue concerns whether a contractual prerequisite to arbitration has been satisfied, and is therefore a threshold arbitrability issue for the arbitrator. *See* § 682.02(3), Fla. Stat. (2025); *Harrell*, 419 So. 3d at 84; *Yam Exp. & Imp. LLC v. Nicaragua Tobacco Imps., Inc.*, 298 So. 3d 1173, 1175 (Fla. 3d DCA 2020).

In *United Healthcare,* we applied *Airbnb* and held that incorporation of the AAA rules delegated arbitrability to the arbitrator. *United Healthcare*, 403 So. 3d at 878–79. There, Broward Health argued a "Court Determination" provision allowed the trial court to decide arbitrability. *Id.* at 879. We disagreed because the agreements specifically delegated arbitrability to the arbitrator through the AAA rules. *Id.*

The same reasoning applies here. The parties expressly incorporated the AAA rules into section 22.3, thereby clearly and unmistakably delegating arbitrability questions to the arbitrator. Section 22.3 provides that arbitration shall proceed "pursuant to the rules then in effect of the American Arbitration Association." Thus, section 22.3's incorporation of the AAA rules demonstrates that the parties delegated arbitrability to the arbitrator, including disputes concerning the satisfaction of contractual conditions precedent to arbitration.

Although a trial court ordinarily determines whether an agreement to arbitrate exists and whether a controversy falls within that agreement, the arbitrator decides whether a condition precedent to arbitrability has been fulfilled. *See* § 682.02(2)–(3), Fla. Stat. (2025). For example, in *Harrell*, we held that the validity and timeliness of an arbitration request were prerequisites to arbitrability for the arbitrator to decide under section 682.02(3). 419 So. 3d at 84.

Here, the operating agreement demonstrates the parties' unmistakable intent to delegate arbitrability to the arbitrator. Accordingly, we reverse and remand with instructions that the trial court vacate the temporary injunction and permit the arbitrator selected under the parties' agreement to determine the arbitrability issue. We further instruct the trial court to consider the separate issue of whether Cohen and Wolgin are bound by the operating agreement and thus subject to the arbitrator's authority with respect to arbitrability. We take no position on whether the arbitration

provision applies to Appellants' claims nor on the merits of the underlying dispute.

*Reversed and remanded with instructions.*

LEVINE, FORST and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**